IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| ALVIN THOMAS, | : | Case No.:_____ |
| Plaintiff, | : | 3:13-1225-J-99MMH-JBT |
| | : | **CIVIL ACTION** |
| v. | : | |
| DIVERSIFIED CONSULTANTS, INC | : | **COMPLAINT AND** |
| | : | **DEMAND FOR JURY TRIAL** |
| Defendant. | : | |

Plaintiff, ALVIN THOMAS, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against Defendant, DIVERSIFIED CONSULTANTS, (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 et seq. and out of the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in the City of Tempe, Maricopa County, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant is a company doing business in the state of Florida, with its office mailing address located at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, Florida and has acted as a "debt collector" as that term is defined by 15 U.S.C §1692a(6).

6. The alleged debt is subject to personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

7. On or about, November 13, 2012, Plaintiff received a phone call from Defendant's agent at 9:16 a.m. Plaintiff requested that Defendant cease contacting him. Plaintiff advised Defendant that the debt was not his nor did he know who the debtor was. Defendant called Plaintiff an additional ten (10) times after this initial request to stop by Plaintiff from November 16, 2012 through December 12, 2012. Defendant, and collectors employed by Defendant, repeatedly and willfully contacted Plaintiff on his cellular telephone in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

8. On or about, November 19, 2012, Defendant called Plaintiff's cellular telephone number (at 8:23 p.m.) using artificial and/or prerecorded voice technology to coerce payment of the debt, with the intent to annoy, abuse or harass Plaintiff. Defendant continued to repeatedly call Plaintiff's cellular telephone number on the following dates: November 20, 2012 (at 2:29 p.m.); December 5, 2012 (at 5:00 p.m.); December 5, 2012 (at 8:26 p.m.); December 6, 2012 (at

5:40 p.m.); December 7, 2012 (at 1:46 p.m.); December 8, 2012 (at 1:59 p.m.); December 10, 2012 (at 8:28 p.m.); December 11, 2012 (at 4:45 p.m.); December 12, 2012 (at 6:05 p.m.); and December 13, 2012 (at 9:53 a.m.). These eleven (11) "Robo" calls were violations of the Telephone Consumer Protection Act.

9. As a result of Defendant's actions, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish, and emotional distress.

## Telephone Consumer Protection Act

10. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. §153(32).

11. At all times relevant to this Complaint, Defendant has owned, operated and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed and/or terminated telecommunications.

12. Defendant, at all times relevant to the Complaint herein, engaged in "telecommunications" defined by the TCPA 47 U.S.C. §153(43).

13. Defendant, at all times relevant to the Complaint herein, engaged in "interstate communications" by the TCPA 47 U.S.C. §153(22).

14. At all times relevant to this Complaint, Defendant has used, controlled and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. At all times relevant to this Complaint, Defendant has used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### Illegal Auto-Dialed Collection Calls

16. Within one year immediately preceding the filing of this lawsuit, Defendant telephoned Plaintiff's cellular phone on numerous occasions in violation of the TCPA.

17. Defendant and its collectors repeatedly called Plaintiff on his cellular phone using an automatic telephone dialing system in an attempt to collect this debt.

18. Plaintiff received more than ten (10) of these auto-dialed calls from Defendant.

### Cease and Desist Ignored

19. On November 13, 2012, Plaintiff verbally informed Defendant he had never consented to telephone calls from Defendant on his cellular phone and never consented to automated calls from Defendant.

20. In response to this verbal cease and desist, Defendant continued to call using an automated computerized dialer and pre-recorded and/or synthesized voice to Plaintiff's cellular phone.

21. These calls repeated autodialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692c(a)1; 1692d(5); 1692e(10); and 1692g(b), amongst others, as well as violations of the TCPA.

### Summary

22. All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of his privacy by the use of the repeated calls.

4

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq., with respect to Plaintiff.

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from Defendant herein.

### COUNT II
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. SECTION 227 et seq.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Within the one year period immediately preceding this action, Defendant made numerous calls to Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

29. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a casually-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

31. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

32. Defendant made such calls willfully, and in direct contradiction to the Plaintiff's, November 13, 2012, verbal cease and desist to stop calling his cellular telephone.

33. Under the 47 U.S.C. Section 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

34. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to 47 U.S.C. Section 227(b)(3).

35. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

## COUNT III
## INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. As a proximate consequence and as a result of making harassing telephone calls, Defendant's actions were an infliction of emotional distress, willful and intentionally undertaken,

Case 3:13-cv-01225-UAMH-JBT Document 1 Filed 10/10/13 Page 7 of 11 PageID 7

knowing that the same were designed to abuse, coerce and create great mental and physical pain and damage. Plaintiff was caused great mental anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, and caused to suffer great fear, fright, and intimidation.

38. As a proximate consequence of Defendant's infliction of emotional distress, Defendant has caused Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

## COUNT IV
## NEGLIGENT SUPERVISION

39. Plaintiff repeats the allegations contained in paragraphs 1 through 19 and incorporated them as if the same were set forth at length herein.

40. As a proximate consequence and result of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq., and Intentional Infliction of Emotional Distress, as delineated in Counts I, II, and III, Defendant's actions constitute negligent supervision and training of its personnel hired for the purpose of collecting debts.

41. Defendant had notice or knowledge, either actual or presumed, of their servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendant in the exercise of due care must have had notice of such action.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

7

43. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**. 15 U.S.C. §1692(a) (emphasis added).

44. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. §6801(a) (emphasis added).

45. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, after being told to stop, and thereby invaded Plaintiff's privacy.

46. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

47. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion,

private concerns or affairs.

48. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

49. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant as follows:

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

a) For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant RCS and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff;

## COUNT II
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. Section 227 et seq.

a) For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and Plaintiff;

b) For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff;

c) For an injunction prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT III
## INFLICTION OF EMOTIONAL DISTRESS

a) For an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations in amount to be determined at trial and for Plaintiff; and

b) For such other and further relief as may be just and proper.

## COUNT IV
## NEGLIGENT SUPERVISION

a) For an award of actual damages from Defendant for the negligent supervision of its employees which Plaintiff suffered as a result of the intentional and/or negligent FDCPA violations in an amount determined at trial and for Plaintiff; and

b) For such other and further relief as may be just and proper.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

a) For an award of actual damages from Defendant for the invasion of privacy by intrusion upon seclusion Plaintiff suffered as a result of the intentional and/or negligent invasions of privacy by Defendant in an amount to be determined at trial and for Plaintiff; and

b) For such other and further relief as may be just and proper.

Dated: October 8, 2013                    Respectfully Submitted,

_____
Attorney for Plaintiff
Jason S. Weiss, Esq.
Florida Bar #356890
On Behalf of:
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
(T) 201-461-0059
jdestefano@lupoverlaw.com