UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALVIN THOMAS,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.
_____/

Case No.: Case No. 3:13-cv-01225-UAMH-JBT

## DEFENDANT, DIVERSIFIED CONSULTANTS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Defendant, DIVERSIFIED CONSULTANTS, INC. ("DCI"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Demand for Jury Trial and herein states as follows:

### PRELIMINARY STATEMENT

1.    Admitted for purposes of jurisdiction and claims identification only; otherwise denied.

### JURISDICTION AND VENUE

2.    Admitted for purposes of jurisdiction and venue only; otherwise denied.

3.    Admitted for purposes of venue only; otherwise denied.

### PARTIES

4.    Admitted for purposes of jurisdiction and venue only; otherwise denied.

5.    Admitted for purposes of jurisdiction and venue only; otherwise denied.

6.    Unknown at this time, therefore denied.

## FACTUAL ALLEGATIONS

7. Unknown at this time, therefore denied.

8. Denied; Defendant demands strict proof thereof.

9. Denied; Defendant demands strict proof thereof.

10. Admitted only that telephone calls were placed to Plaintiff from November 12, 2012 to December 12, 2012; otherwise denied, and Defendant demands strict proof thereof.

11. Denied; Defendant demands strict proof thereof.

12. Denied; Defendant demands strict proof thereof.

13. Denied; Defendant demands strict proof thereof.

14. Denied; Defendant demands strict proof thereof.

15. Unknown at this time, therefore denied.

16. Denied; Defendant demands strict proof thereof.

## TRIAL BY JURY

17. Defendant demands a jury by trial.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.

18. Defendant re-alleges and restates its response to paragraphs 1 through 17 above as if fully stated herein.

19. Denied as to all parts and sub-parts of Paragraph 19; Defendant demands strict proof thereof.

20. Denied; Defendant demands strict proof thereof.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. SECTION 227 et seq.

21.	Defendant re-alleges and restates its response to paragraphs 1 through 20 above as if fully stated herein.

22.	Admitted.

23.	Denied; Defendant demands strict proof thereof.

24.	Unknown at this time, therefore denied.

25.	Denied; Defendant demands strict proof thereof.

26.	Denied; Defendant demands strict proof thereof.

27.	Denied; Defendant demands strict proof thereof.

28.	Denied; Defendant demands strict proof thereof.

29.	Denied; Defendant demands strict proof thereof.

30.	Denied; Defendant demands strict proof thereof.

## COUNT III
## INFLICTION OF EMOTIONAL DISTRESS

31.	Defendant re-alleges and restates its response to paragraphs 1 through 30 above as if fully stated herein.

32.	Denied; Defendant demands strict proof thereof.

33.	Denied; Defendant demands strict proof thereof.

34.	Admitted only that telephone calls were placed to Plaintiff from November 16, 2012 to December 12, 2012; otherwise denied; Defendant demands strict proof thereof.

35.	Denied; Defendant demands strict proof thereof.

36.	Denied; Defendant demands strict proof thereof.

37.	Denied; Defendant demands strict proof thereof.

## COUNT IV
## NEGLIGENT SUPERVISION

38. Defendant re-alleges and restates its response to paragraphs 1 through 37 above as if fully stated herein.

39. Denied; Defendant demands strict proof thereof.

40. Denied; Defendant demands strict proof thereof.

41. Admitted only that telephone calls were placed to Plaintiff from November 16, 2012 to December 12, 2012; otherwise denied; Defendant demands strict proof thereof.

42. Denied; Defendant demands strict proof thereof.

43. Denied; Defendant demands strict proof thereof.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44. Defendant re-alleges and restates its response to paragraphs 1 through 43 as if fully stated herein.

45. Denied; Defendant demands strict proof thereof.

46. Denied; Defendant demands strict proof thereof.

47. Admitted only that telephone calls were placed to Plaintiff from November 16, 2012 to December 12, 2012; otherwise denied; Defendant demands strict proof thereof.

48. Denied; Defendant demands strict proof thereof.

49. Denied; Defendant demands strict proof thereof.

50. Unknown at this time, therefore denied.

51. Denied; Defendant demands strict proof thereof.

52. Denied; Defendant demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

**Second Affirmative Defense**

Defendant affirmatively alleges Plaintiff's First Amended Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

**Third Affirmative Defense**

Defendant affirmatively alleges that Plaintiff failed to mitigate his damages, if any, in this case.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that at all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

**Fifth Affirmative Defense**

Defendants affirmatively alleges that the Plaintiff's claims under 15 U.S.C. Section 1692 do not demonstrate conduct that the Defendant attempted to enforce a debt it knew to be illegitimate.

**Sixth Affirmative Defense**

Defendant affirmatively alleges that Plaintiff's claims for actual damages are not actionable since the alleged damages are speculative and are not the proximate cause of any action or inaction of the Defendant.

**Seventh Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents

and employees are protected by the "*bona fide* error" defense pursuant to 15 U.S.C. §1692k Section 813(c) since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

**Eighth Affirmative Defense**

Defendant affirmatively alleges that to the extent that any alleged actions or in actions of Defendant, if any, exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations imposed by the Fair Debt Collection Practices Act ("FDCPA").

**Ninth Affirmative Defense**

Defendant affirmatively alleges that the FDCPA does not provide entitlement to punitive damages.

**Tenth Affirmative Defense**

Defendant affirmatively alleges that Plaintiff claim that Defendant violated 15. U.S.C. §1692c(c) is barred as Plaintiff has failed to avail himself of the statutory remedy set forth in that section of the FDCPA.

**Eleventh Affirmative Defense**

Defendant affirmatively alleges that this action was brought in bad faith and for the purpose of harassment, entitling the Defendant to an award of attorneys' fees reasonable in relation to the work expended and costs, pursuant to 15 USC Section 1692k and 28 USC Section 1927.

**Twelfth Affirmative Defense**

Defendant affirmatively alleges that all applicable exemptions and/or exceptions of the Telephone Consumer Protection Act ("TCPA") apply to Defendant.

**Thirteenth Affirmative Defense**

Defendant affirmatively alleges that the Defendant is exempt under the Telephone Consumer Protection Act ("TCPA") under the statute's "prior express consent defense"

WHEREFORE, Defendant, DIVERSIFIED CONSULTANTS, INC., requests that this Court dismiss Plaintiff's First Amended Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorneys' fees and costs as provided for under applicable law.

Dated this 19th day of November, 2013.

> Respectfully submitted,
> /s/ *Ernest H. Kohlmyer, III*
> Ernest H. Kohlmyer, III

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **November 19, 2013**, via the Court Clerk's CM/ECF system which will provide notice to the following: Jason Weiss, Esquire of the Law Offices of Michael Lupolover, P.C. at jason@jswlawyer.com and to jdestefano@lupoverlaw.com *(Attorneys for Plaintiff)*.

> */s/ Ernest H. Kohlmyer, III*
> Ernest H. Kohlmyer, III
> Florida Bar No.: 110108
> kohlmyer@urbanthier.com
> Urban, Thier, Federer & Chinnery, P.A.
> 200 S. Orange Avenue, Suite 2000
> Orlando, FL  32801
> Phone: (407) 245-8352
> Fax: (407) 245-8361
> Attorneys for Defendant